Elmerinda DI NITTO, et al.
Plaintiffs—Appellants,

v.

DEPARTMENT OF HOMELAND
SECURITY; et al., Defendants—
Appellees.

No. 03–56429.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2005.

Decided Aug. 15, 2005.

David Robert Blake, Esq., Solana Beach, CA, for Plaintiff–Appellant.

USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Dorothy A. Schouten, Esq., for Defendant–Appellee.

Before: BROWNING, FISHER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Appellants Elmerinda Di Nitto, Leone D'Arcangelo, Emanuela D'Arcangelo, and Frencesco D'Arcangelo ("Appellants") appeal the district court's decision to grant the Department of Homeland Security's ("Government") motion to dismiss for lack of subject matter jurisdiction. Although we find that the district court erred in concluding that it lacked subject matter jurisdiction, we nonetheless affirm the motion to dismiss because Appellants have failed to demonstrate statutory eligibility for adjustment of status.

■ The INS based its decision to deny Appellants' application for adjustment of status on their failure to meet the nondiscretionary statutory eligibility require-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ments. Notice of Decision, Jan. 31, 2003. We have previously held that district courts retain authority to review denials of applications for adjustments of status where such denials are based upon an alien's failure to meet the statutory eligibility requirements. *Hernandez v. Ashcroft*, 345 F.3d 824, 845–47 (9th Cir.2003). Subject matter jurisdiction therefore did exist, and the district court erred in granting the Government's motion to dismiss on the ground that it did not.

 We may, however, "affirm the district court on any ground supported by the record, even if the ground is not relied on by the district court." *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 874 (9th Cir.1987). Section 1255(a) imposes three statutory eligibility requirements on immigrants seeking adjustment of status. 8 U.S.C. § 1255(a) (2000). Petitioners must demonstrate that they meet those eligibility requirements. *See Kim v. Meese*, 810 F.2d 1494, 1496 (9th Cir.1987) ("An alien wishing to secure permanent resident status under 8 U.S.C. § 1255 must first make out an application to the INS and show that he meets the statutory requirements for eligibility.... The alien here bears the burden of proof."); *Diric v. INS*, 400 F.2d 658, 660 (9th Cir.1968). One requirement is that a visa be immediately available to the applicant. 8 U.S.C. § 1255(a) (2000). Here, Appellants' visas had been revoked. The INS subsequently denied Appellants' applications for adjustment of status for failure to meet one of the statutory eligibility requirements. We thus affirm the district court's decision to grant the Government's motion to dismiss.

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Our affirmance is without prejudice to any other relief Appellants may be entitled to seek.

AFFIRMED.